UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MARVIN WILHITE, ) | |
| ) | Case No. 1:02-cr-155 / 1:16-cv-190 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docs. 63, 65.)[1] He bases his request for collateral relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. (*Id.*) The United States responded in opposition on August 18, 2016 (Doc. 69); Petitioner replied in turn on September 6, 2016 (Doc. 70). For the reasons below, Petitioner's supplemented § 2255 motion (Docs. 63, 65) will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

In 2002, Petitioner robbed a liquor store at gunpoint. *United States v. Wilhite*, 108 F. App'x 367, 368 (6th Cir. 2004). A jury convicted him of Hobbs Act robbery, in violation of 18

---

[1] Petitioner filed the original pro se petition on June 7, 2016 (Doc. 63), and supplemented that petition with additional analysis later that same month (Doc. 65). Because both filings argue in favor of collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Court will treat them as a single supplemented § 2255 motion.

U.S.C. § 1951; brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g). *Id.* at 369.

Based on several prior convictions—including Alabama convictions for robbery and escape, a Texas conviction for sexual abuse, and a federal conviction for retaliation—the United States Probation Office deemed Petitioner to be an armed career criminal under the ACCA and career offender under Section 4B1.1 of the United States Sentencing Guidelines; the resulting Guideline range was restricted by the enhanced mandatory sentencing provisions of 18 U.S.C. § 3559(c). (Presentence Investigation Report (PSR) ¶¶ 33, 38, 40, 47–50, 53, 71–75.) Consistent with § 3559(c), the Court sentenced Petitioner to life imprisonment followed by a consecutive 84-month term of incarceration for the § 924(c) offense. (Doc. 43.) Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence. (Doc. 57.) The Supreme Court denied Petitioner's request for a writ of certiorari on January 10, 2005. (Doc. 60.) Eleven years later— on June 7, 2016—Petitioner filed the instant motion challenging his conviction based on the *Johnson* decision.[2]

## II.  STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th

---

[2] The Court finds that it need not determine whether the petition is timely under § 2255(f)(1) because, even if the § 2255 motion was filed within the applicable one-year statute of limitations, the *Johnson* decision does not provide a basis for granting the requested relief.

Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**III.     ANALYSIS**

Petitioner argues that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B)'s definition of crime of violence and that the absence of that provision requires vacatur of his conviction under § 924(c)(1)(A). The argument fails because binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[3] *See United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument

---

[3] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in the *Johnson* decision. 135 S. Ct. at 2563.

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

3

that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, Hobbs Act robbery remains a crime of violence capable of supporting the conviction under § 924(c)(1)(A).

To the extent that Petitioner challenges his armed career criminal designation, the Court finds that it need not address that issue, because it based the sentence imposed—life imprisonment followed by 84 months' incarceration for the § 924(c) offense—on the penalties set forth in § 3559(c). (PSR ¶¶ 33, 38, 40, 47–50, 53, 71–75.) Under that statute, a defendant convicted in federal court of a "serious violent felony shall be sentenced to life imprisonment if [he] has been convicted . . . on separate prior occasions . . . of . . . [two] or more serious violent felonies." 18 U.S.C. § 3559(c)(1). The provision goes on to define "serious violence felony" as follows:

> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111); manslaughter other than involuntary manslaughter (as described in section 1112); assault with intent to commit murder (as described in section 113(a)); assault with intent to commit rape; aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242); abusive sexual contact (as described in sections 2244 (a)(1) and (a)(2)); kidnapping; aircraft piracy (as described in section 46502 of Title 49); robbery (as described in section 2111, 2113, or 2118); carjacking (as described in section 2119); extortion; arson; firearms use; firearms possession (as described in section 924(c)); or attempt, conspiracy, or solicitation to commit any of the above offenses [the enumerated-offense clause]; and
>
> (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another [the elements clause] or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense [the residual clause].

18 U.S.C. § 3559(c)(2)(F). Because at least two of Petitioner's prior convictions—the Alabama conviction for robbery and Texas conviction for sexual abuse—qualify under subdivision (i), it is

4

irrelevant whether three or more of his prior convictions remain "violent felonies" under § 924(e).[4]

To the extent Petitioner challenges his career offender designation in light of the *Johnson* decision, that claim fails as a matter of law. On March 6, 2017, the Supreme Court held that the United States Sentencing Guidelines are "not amendable to vagueness challenges." *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *7 (U.S. March 6, 2017). As a result, the *Johnson* decision does not provide a basis for vacating, setting aside, or correcting Petitioner's sentence.

## IV. CONCLUSION

For the reasons discussed, Petitioner's § supplemented 2255 motion (Docs. 63, 65) will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[4] Because the prior convictions qualify under subsection (i), the Court need not address Petitioner's argument that subsection (ii) of § 3559(c)(1) is unconstitutional for the same reasons as the ACCA residual provision. (Doc. 65, at 7.) In other words, the *Johnson* decision is inapposite.